FILED

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

14 MAR 27 AM 10:46

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

MELLISSA MORROW,

Plaintiff,

-vs-

SALLIE MAE, INC.,

Defendant.

CASE NO.:

2:14cv174-FtM-29CM

_____/

## COMPLAINT

Plaintiff, MELLISSA MORROW, by and through her undersigned counsel, sues the Defendant, SALLIE MAE, INC., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3), 47 U.S.C. §227(c)(5), and F.S. §47.001.

4. Venue is proper in this District because the Plaintiff resides in this District (Collier County), the Defendant transacts business in Collier County, Florida, and the cause of action set forth herein occurred in this District.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Collier County, Florida.

6. Defendant is a corporation and a citizen of the State of Delaware with its principal place of business at 2001 Edmund Halley Drive, Reston, Virginia.

7. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Collier County, Florida.

8. Defendant, at all times material, was attempting to collect on an account and/or was making calls on an account belonging to "Molly Morrow" (account numbers ending in 9928, 9886, 9910, 9902, and 9894) for which Plaintiff has no financial responsibility for as she did not co-sign for those accounts of "Molly Morrow" (hereinafter the "subject account"), for which Defendant was calling her cellular telephone number.

9. The only loan Plaintiff co-signed for Molly Morrow was a Sallie Mae, Inc. account number ending in 9878, which is current and has always been current.

10. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number over one hundred ninety (190) times and up to six (6) times a day from March, 2013 through January, 2014, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

11. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter

"autodialer calls") as each time Plaintiff answered one of Defendant's calls an automated or prerecorded message would immediately begin to play, and state in the same tone and manner each time the following message "This is Angie Hill from Sallie Mae. Please return my call to 866-913-6090," in a prerecorded voice.

12. Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff.

13. In approximately March, 2013, Plaintiff began receiving automated autodialer calls from Defendant on her cellular telephone number, (727) 798-7625, concerning a debt arising out of the subject account of Molly Morrow for which Plaintiff had no financial obligation.

14. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (727) 798-7625, and was the called party and recipient of Defendant's autodialer calls.

15. The autodialer calls from Defendant came from telephone numbers which included, but are not limited to: 765-283-3395, 866-913-6090 and 317-348-9960.

16. After receiving several of these autodialer calls in March, 2013 from Defendant, Plaintiff returned the call in April, 2013 and spoke with a representative of Sallie Mae, Inc. and told him that she did not have any financial responsibility for the account they were calling on, that Plaintiff personally did not owe them any money and that they were calling the wrong number. Further, Plaintiff requested the calls from Defendant stop and to be taken off the Defendant's call list.

17. Despite informing Defendant that she was not financially responsible for the subject account, never co-signed for the loan they were attempting to collect on, that she did not owe the subject debt, and to stop calling her with regard to her daughter's account, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

18. The autodialer calls from Defendant continued approximately, on average, four (4) to six (6) times a day from May, 2013, until approximately January, 2014. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period.

19. While Plaintiff did not keep detailed records of all the autodialer calls made by Defendant to Plaintiff's cellular telephone number, attached hereto as **Exhibit "A"** is a true and correct copy of some of Defendant's autodialer call frequency for the period of December 6, 2013 through January 5, 2014, showing approximately forty (40) autodialer and/or prerecorded calls to Plaintiff's cellular telephone over just that period of time alone.

20. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

21. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond April, 2013, when Plaintiff first advised Defendant that they were calling the wrong number, that she was not "Molly Morrow," that this was Plaintiff's cellular telephone number, and to stop calling Plaintiff.

22. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, explaining to the Defendant that that she was not financially responsible for the subject account, never co-signed for the loan they were attempting to collect on, that she did not owe the subject debt, and advising Defendant to stop calling.

23. Defendant's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

24. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

25. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to the Plaintiff's cellular telephone.

26. Plaintiff did not expressly consent to Defendant's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice prior to Defendant's placement of the calls.

27. Due to Defendant's constant autodialer calls and demands for payment Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

### COUNT I
### (Violation of the "TCPA")

28. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-seven (27) above as if fully stated herein.

29. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

30. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff

notified Defendant in April, 2013, that Defendant was calling the wrong number, that he did not know the subject debt, and to stop calling Plaintiff.

31. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the "FCCPA")

32. Plaintiff re-alleges paragraphs one (1) through twenty-seven (27) above as if fully stated herein:

33. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

34. Plaintiff is an alleged "debtor" and/or "consumer" pursuant to F.S. §559.55(2) as Defendant, per its conduct in continuing to call Plaintiff on the subject account despite knowing that Plaintiff was not its actual debtor, engaged in conduct that could only be construed as alleging that Plaintiff was obligated to pay said debt.

35. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff, an alleged debtor, with such frequency as can be reasonably be expected to harass the debtor.

36. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff, an alleged debtor.

37.  Defendant has violated Florida Statute §559.72(9) by claiming, attempting, or threatening to enforce a debt as to Plaintiff, when Defendant had actual knowledge that the debt was not legitimate as to Plaintiff.

38.  Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Michael J. Vitoria, Esquire
Florida Bar # 0135534
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@forthepeople.com
afloyd@forthepeople.com
Attorney for Plaintiff